IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

October 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| GINA M. CATAPANO SANJINES, | ) | HAMILTON CIRCUIT |
| | ) | C.A. NO. 03A01-9808-CV-00293 |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. SAMUEL PAYNE |
| | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| J. ARIEL SANJINES, | ) | REMANDED WITH INSTRUCTIONS |
| | ) | |
| Defendant-Appellant | ) | |


JORGE ARIEL SANJINES, Pro Se

WILLIAM H. HORTON, Horton, Maddox & Anderson, PLLC, Chattanooga,
for Appellee.


MEMORANDUM OPINION


McMurray, J.


We granted this appeal pursuant to Rule 10, Tennessee Rules of

Appellate Procedure solely for the purpose of addressing the action

of the trial judge in refusing to recuse himself on motion of the

defendant, appellant. Upon consideration, we are of the opinion that the trial judge should have recused himself. We, therefore, remand the case to the trial court with instructions that the trial judge shall recuse himself from further hearings in this matter and shall through regular procedure have the matter assigned to another judge.

This case has been in the courts for a lengthy period, including a previous appeal to this court. In the previous appeal, we remanded the case to the trial court for a hearing on the issue of child visitation. Because the appellant is incarcerated in the state penal system, visitation has been a most difficult issue. On remand, the appellant through Pro Bono counsel filed a motion to have the children of the appellant made available to meet with a psychologist for a determination and evaluation of the effect of proposed visitation by the appellant with the minor children. The court summarily denied the motion. Thereafter, the appellant, through counsel, filed a motion to have the Honorable Samuel Payne recuse himself from the case. As grounds for the motion, the appellant asserted that "while the court heard argument on the petitioner's motion for expert testing of the minor children of the parties, the Court announced, prior to hearing the argument, that the Court was denying said motion." The motion was supported by an affidavit of appellant's counsel which states is as follows:

2

1.   Affiant is over the age of twenty-one (21) years of age, has first hand knowledge of the facts recited herein, and is competent to testify as to the statements recited herein; and

2.   Affiant is attorney of record, in the instant action; and

3.   Affiant was present in court on a motion to hear proof, when the Honorable Judge said, "I'm going to deny your motion, but you can put on any proof you want to."  Or words to that effect.

While there is an affidavit in the record from which it might be inferred that the trial judge did not make the comments attributed to him, the allegations are not directly rebutted. Thus, we will resolve any doubt in favor of the appellant for the sole purpose of preserving the integrity of the judiciary.

While we do not in any manner mean to imply that Judge Payne did, in fact, do anything improper, we are persuaded that the actions of the trial judge could be perceived as prejudging the case, thereby constituting an impropriety tending to erode public confidence in the integrity and impartiality of the judiciary. Under the Code of Judicial Conduct, by which we are all bound, it is not only necessary to avoid improprieties but to avoid the appearance of an impropriety.  Canon 2 provides as follows:  "A Judge Shall Avoid Impropriety and the Appearance of Impropriety in All of the Judge's Activities."

3

We, therefore, believe that it is in the best interests of the judiciary that Judge Payne recuse himself from further participation in this case.  Accordingly, the case is remanded to the trial court for other and further action consistent with this opinion. Costs are taxed to the appellee.


_____
Don T. McMurray, Judge


CONCUR:

_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge

IN THE COURT OF APPEALS
AT KNOXVILLE


| | | |
|---|---|---|
| GINA M. CATAPANO SANJINES, | ) | HAMILTON CIRCUIT |
| | ) | C.A. NO. 03A01-9808-CV-00253 |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. SAMUEL PAYNE |
| | ) | JUDGE |
| | ) | |
| | ) | |
| J. ARIEL SANJINES, | ) | REMANDED WITH INSTRUCTIONS |
| | ) | |
| Defendant-Appellant | ) | |


<u>JUDGMENT</u>


This case came on to be heard on the application of the appellant for an extraordinary appeal pursuant to Rule 10 of the Rules of Appellate Procedure and the response thereto by the appellee.  Upon consideration, we are of the opinion that the trial court should have recused himself from further proceedings in this case.

Accordingly, the case is remanded to the trial court with instructions that the trial judge shall recuse himself and, pursuant to proper procedure, have the case assigned to another judge.  Costs are assessed to the appellee.


PER CURIAM